IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHANNON BAGGETT # 76777                                          PETITIONER

V.                                                                     1:05cv24-LG-RHW

LARRY GREER                                                       RESPONDENT

### MEMORANDUM OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

BEFORE THIS COURT are the Petition of Shannon Baggett for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254 filed January 14, 2005, and Respondent's Motion to Dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d), filed July 28, 2005.  Petitioner filed no response to the motion, and on February 6, 2006, the Court ordered Petitioner to respond to the motion by February 27, 2006.  The Court subsequently granted Petitioner two extensions of time to respond to the motion, and he filed his response on March 22, 2006, stating simply, "Said Petitioner was unaware of the one-year tolling statute on filing a Habeas Corpus Petition."  After review of the pleadings and records on file the Court finds the motion to dismiss is well taken and should be granted.

### FACTS AND PROCEDURAL HISTORY

On December 1, 1999, Petitioner Shannon Baggett was convicted by a Stone County Circuit Court jury of murder, and sentenced to serve life imprisonment in the custody of the Mississippi Department of Corrections.  Baggett appealed, and on September 6, 2001, the Mississippi Supreme Court affirmed his conviction and sentence.  *Baggett v. State*, 793 So.2d 630 (Miss. 2001).  Since Baggett failed to petition the United States Supreme Court for a writ

1

of *certiorari*, his judgment became final on December 5, 2001, ninety (90) days after the September 6, 2001, final decision in state court.

On September 9, 2004, Baggett filed with the Mississippi Supreme Court an application for leave to file a post-conviction motion in the trial court.[1]  Denying the application on October 14, 2004, the Mississippi Supreme Court found Baggett's "... claim of ineffective assistance of counsel fails to meet the standard imposed by *Strickland v. Washington*, 466 U.S. 688 (1984)."   The instant petition for writ of habeas corpus was filed in this court on January 14, 2005.

## DISCUSSION

The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims

---

[1] Mississippi Code Ann. § 99-39-7 provides that when a conviction/sentence has been affirmed on appeal, a motion for post-conviction relief "**shall not be filed** in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, ... and an order granted allowing the filing of such motion in the trial court." (Emphasis added)

>   presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Baggett had ninety (90) days from September 6, 2001, to file a petition for writ of *certiorari* to the U.S. Supreme Court. He filed no such petition, so at the expiration of that period on December 5, 2001, his conviction became final and the one-year limitations period for filing a federal habeas corpus petition began to run. *Roberts v. Cockrell*, 319 F. 3d 690 (5th Cir. 2003) ("[t]he language of § 2244(d)(1)(A) provides that a decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'")   The tolling provision of 28 U.S.C. § 2244(d)(2) does not apply to the instant case because Baggett failed to properly file a motion for post-conviction relief in state court before December 5, 2002. Baggett's ignorance of the one-year statute of limitations for filing his habeas petition is insufficient to warrant equitable tolling. *Cousin v. Lensing*, 310 f.3d 843, 849 (5th Cir. 2002), citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

When, as here, a petitioner for relief under 28 U.S.C. § 2254 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch,* 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). Accordingly, petitioner's claims in this case do not merit an evidentiary hearing.

Upon due consideration of the Petition, pleadings on file and the relevant legal authority, the Court finds that Petitioner failed to file his petition for habeas corpus within the

time allowed by the statute. Respondent's motion to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d), is well-taken and should be granted, and the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be dismissed.

A final judgment in accordance with this memorandum opinion and order will be entered.

**SO ORDERED AND ADJUDGED** this the 25th day of March, 2006.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
